IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-238 CW |
| Plaintiff, | |
| v. | ORDER DENYING GOVERNMENT'S MOTION TO STAY |
| SHELBY CHARLES STAMPS, | |
| Defendant. | |

On June 29, 2016, the Court granted Defendant's motion under 28 U.S.C. § 2255 to correct his sentence based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The government has now filed a motion to stay resentencing pending the resolution of Beckles v. United States, S. Ct. Case No. 15-8544, in which the Supreme Court will address the applicability of Johnson to the residual clause of the Career Offender provision of the United States Sentencing Guideline and, if it is applicable, whether Johnson applies to collateral challenges to federal sentences enhanced based on the residual clause of the Career Offender Guideline. The government argues that a stay will promote judicial economy. Defendant opposes the motion and the government has filed a reply.

Having considered the government's motion and the record in the case, the Court DENIES the motion. Docket No. 59. As Defendant notes, judicial economy is not alone enough to justify a potentially lengthy stay in habeas cases. See Yong v. INS, 208 F.3d 1116, 1120-21 (9th Cir. 2000). Like a habeas petition, a § 2255 motion "challenging illegality of detention, is reduced to a sham if trial courts do not act within a reasonable time." Id. at 1120 (quoting Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978)) (internal alteration marks omitted). Even in non-habeas cases, the Supreme Court has held that a party seeking a stay must show "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else." Landis v. N. Am. Co., 299 U.S. 248, 255 (1936). The government has failed to show any hardship or inequity to justify a stay of these proceedings.

At the time of resentencing, the government shall assume that the § 2255 motion was properly granted and make all of its arguments regarding the proper sentence to be imposed. Execution of the new sentence will be stayed and contingent on the Supreme Court's decision in Beckles, but the parties will be able to proceed with any appeals. Even if the Ninth Circuit stays any appeals pending resolution of Beckles, the appeals will be filed and closer to being ready for decision than if the Court stayed resentencing. The Court notes that, even if it imposes a sentence at the bottom of the non-Career Offender Guidelines range, it does

2

not appear that Movant will be eligible for release until after the end of Supreme Court's 2016-17 term.

IT IS SO ORDERED.

Dated: July 6, 2016



CLAUDIA WILKEN
United States District Judge

3