ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

RICHARD EWENSTEIN (CABN 294649)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6842
    FAX: (415) 436-6753
    richard.ewenstein@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 13-CR-00238-YGR |
| Plaintiff, | **ORDER OF DETENTION** |
| v. | |
| SHELBY STAMPS, JR., | |
| Defendant. | |

      The parties appeared before the Honorable Kandis A. Westmore on March 22, 2023, for a detention hearing on a supervised release violation petition. The current proceedings relate to the Second Amended Petition for Warrant for Person Under Supervision, filed September 19, 2022. ECF No. 111.

      At the hearing, the government moved to detain Stamps, arguing that he could not meet his burden of demonstrating by clear and convincing evidence that he is not a danger to another person or a flight risk. Stamps opposed the detention motion and asked to be released from custody to attend a residential drug treatment program. Both parties proffered information for the Court to consider in reaching a decision on the detention motion. The United States Probation Officer also recommended that

Stamps be detained, due to the danger he poses to others and his risk of nonappearance.

In the supervised release revocation context, the burden is on the defendant seeking release to "establish[] by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community. Federal Rule of Criminal Procedure 32.1(a)(6). *See also* 18 U.S.C. § 3143(a); Federal Rule of Criminal Procedure 46(c) and (d); *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994).

Upon consideration of the parties' proffers and information provided by the United States Probation Officer, as well as Court records in the case against Stamps, the Court finds that Stamps has not met his burden to provide clear and convincing evidence that he does not pose a danger to any other person or the community and is not a flight risk. The Court therefore orders Stamps detained.

In considering the Court's record and the information presented at the hearing, the Court finds that Stamps did not meet his burden to provide clear and convincing evidence at this time because the Second Amended Petition alleges: (1) in Charge 2 that, on July 1, 2022, Stamps was ordered to complete inpatient treatment at TRP Positive Directions Academy but never reported to that facility and absconded from the supervision of his Probation officer; (2) in Charge 3, Stamps' whereabouts were unknown from his abscondment on July 1, 2022 until he was arrested on September 10, 2022 by the Tracy Police Department and charged with burglary in violation of Cal. Penal Code § 459 and obstructing/resisting arrest of a public officer in violation of Cal. Penal Code § 148(a)(1); (3) as described in the "Prior Form(s) 12" section, Stamps has previously failed to complete a residential drug treatment program; (4) as further described in the "Prior Form(s) 12" section, in April 2021, Stamps absconded from the supervision of his Probation officer, and his whereabouts were unknown until he was arrested on May 23, 2022; (5) as further described in the "Prior Form(s) 12" section, Stamps was previously released from custody in March 2019 in order to attend a residential drug treatment program but failed to report to the program. In addition, the Court considered Stamps' history of noncompliance with probation and probation revocations in state court proceedings related to prior convictions.

The defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility. The defendant must be afforded reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of any attorney for the government,

the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

    IT IS SO ORDERED.

DATED: Aprill 4, 2023

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge